UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STILLWATER MEDICAL CENTER AUTHORITY, an Oklahoma public trust hospital, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. CIV-19-954-G |
| | ) |
| WINCHESTER GLOBAL TRUST COMPANY LIMITED, a Bermuda limited company, et al., | )<br>)<br>)<br>) |
| Defendants. | ) |

## ORDER

Now before the Court is the Application for Entry of Default and Default Judgment Against Accent Benefit Administrators, Inc. ("Accent") (Doc. No. 7), filed by Plaintiff Stillwater Medical Center Authority.

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "As defendants have no duty to plead until properly served," however, "entry of default prior to service is improper," and the clerk should "decline entry of a default . . . [when] service was defective." *Petersen v. Carbon Cnty.*, No. 98-4010, 1998 WL 458555, at *4 (10th Cir. 1998); *Meyers v. Pfizer, Inc.*, 581 F. App'x 708, 711 (10th Cir. 2014); *see* 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2682 (4th ed.) ("Before a default can be entered [under Rule

55(a)], the court must have subject-matter jurisdiction and jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process." (footnote omitted)).

Plaintiff states that on October 28, 2019, it served Accent "by certified mail, return receipt requested, at the address of Accent's registered agent authorized by law to accept service," pursuant to title 12, section 2004(C)(2)(b) of the Oklahoma Statutes. Pl.'s Mot. at 7. Plaintiff, however, failed to elect that delivery be restricted to the addressee, as required under the statute. *See* Okla. Stat. tit. 12, § 2004(C)(2)(b) ("Service by mail shall be accomplished by mailing a copy of the summons and petition by certified mail, return receipt requested and delivery restricted to the addressee."); *Velasco v. Ruiz*, 457 P.3d 1014, 1017-18 (Okla. 2019) (noting in reference to § 2004(C)(2)(b) that the Oklahoma Legislature's "use of the word shall is considered mandatory"); Return of Service (Doc. No. 4) at 3.

This oversight is not automatically fatal to otherwise valid service, as substantial compliance is sufficient under Oklahoma law. *See Huskill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 798 (10th Cir. 2008) (citing *Graff v. Kelly*, 814 P.2d 489 (Okla. 1991)). Section 2004(C)(2)(c) of Title 12 of the Oklahoma Statutes provides that, "[s]ervice by mail shall not be the basis for the entry of a default or a judgment by default unless the record contains a return receipt showing acceptance by the defendant." Okla. Stat. tit. 12, § 2004(C)(2)(c). Applying the substantial compliance standard, courts have found that an attempt to serve by mail may be effective even in the absence of restricted delivery, if it can be shown that "service [was] delivered to or refused by the addressee, or

by an authorized person." *Huskill*, 542 F.3d at 802.  In this case, however, the signature of the individual who accepted service is illegible, which prevents the Court from making this determination.  *See id.* (explaining that service by mail that is accepted by an unauthorized person does not substantially comply with the statute and is invalid); *see, e.g.*, *Wash. Mut. Bank FA v. Farhat Enters., Inc.*, 77 P.3d 1103, 1109 (Okla. Civ. App. 2003) (finding that trial court lacked personal jurisdiction over the defendants where service by mail was not restricted to the addressees and the signatures were illegible).

Further, while § 2004(C)(2)(c) allows a court to presume, for purposes of the entry of a default, that a return receipt signed at a corporation's registered office or principal place of business was "signed by an employee authorized to receive certified mail," which in turn would "constitute acceptance . . . by the party addressed,"[1] the statute provides for no such presumption when process is mailed to the registered agent's address.  Okla. Stat. tit. 12, § 2004(C)(2)(c); *see Black v. Reliable Reports of Tex., Inc.*, No. CIV-05-1427-M, 2007 WL 2746927, at *3 (W.D. Okla. Sept. 20, 2007) (explaining that under § 2004(C)(2)(c), "a corporation's 'registered office' is not the same as a corporation's

---

[1] Section 2004(C)(2)(c) provides, in pertinent part, that when service by mail is attempted on a corporation,

> acceptance or refusal by any officer or by any employee of the registered office or principal place of business who is authorized to or who regularly receives certified mail shall constitute acceptance or refusal by the party addressed.  A return receipt signed at such registered office or principal place of business shall be presumed to have been signed by an employee authorized to receive certified mail.

Okla. Stat. tit. 12, § 2004(C)(2)(c).

registered agent's office").

IT IS THEREFORE ORDERED that Plaintiff's Application for Entry of Default and Default Judgment Against Accent Benefit Administrators, Inc. (Doc. No. 7) is DENIED without prejudice. Plaintiff may re-urge its request for entry of default in a motion accompanied by affidavit or other proof that Accent's registered agent, Stanley Coburn, personally signed the return receipt. Alternatively, Plaintiff may seek leave for additional time to effect service of process on Accent under Rule 4(m) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED this 30th day of September, 2020.

_____
CHARLES B. GOODWIN
United States District Judge