UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **STILLWATER MEDICAL CENTER AUTHORITY**, an Oklahoma public trust hospital, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. CIV-19-954-G |
| | ) |
| **ACCENT BENEFIT ADMINISTRATORS, INC.**, a Georgia corporation, | )<br>)<br>)<br>) |
| Defendant. | ) |

## ORDER

Now before the Court is Plaintiff Stillwater Medical Center Authority's Motion for Default Judgment (Doc. No. 21), in which Plaintiff seeks entry of a default judgment against Defendant Accent Benefit Administrators, Inc. For the reasons stated below, the Court finds that a default judgment should be entered.

*I. Background*

Plaintiff initiated this diversity action on October 17, 2019, seeking damages from Defendant for tortious interference with contract and unjust enrichment. *See* Compl. (Doc. No. 1). Defendant was served with a summons and Complaint on or before November 18, 2020. *See* Doc. No. 21. On March 22, 2021, after Plaintiff showed that Defendant had failed to answer or otherwise defend itself in this lawsuit, the Clerk entered Defendant's default pursuant to Federal Rule of Civil Procedure 55(a). *See* Clerk's Entry of Default (Doc. No. 22).

Plaintiff seeks entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b) in the amount of $619,421.99. *See* Pl.'s Mot. Default J. at 8; *id.* Ex. 3, Lovelace Aff. ¶¶ 12-14 (Doc. No. 21-3); Compl. ¶¶ 10-11.

## II. Discussion

### A. Procedural Requirements

The record reflects that Defendant has failed to answer or plead, that default was entered by the Clerk, and that Plaintiff's Motion complies with Local Civil Rule 55.1. Accordingly, Plaintiff has satisfied the procedural requirements for entry of a default judgment. *See* Fed. R. Civ. P. 55(b); LCvR 55.1; *Tabb v. Mentor Prot. Serv. LLC*, No. CIV-17-1130-D, 2018 WL 3213622, at *1 (W.D. Okla. June 29, 2018).

### B. Plaintiff's Allegations

The entry of a default judgment "is committed to the sound discretion of the district court." *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016). "Default judgments are generally disfavored in light of the policy that cases should be tried upon their merits whenever reasonably possible. Nonetheless, default judgment is viewed as a reasonable remedy when the adversary process has been halted because of an essentially unresponsive party." *Tabb*, 2018 WL 3213622, at *1 (citing *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991)).

Because a default has been entered, Plaintiff is "relieved . . . from having to prove the complaint's factual allegations." *Tripodi*, 810 F.3d at 765; *see also United States v. Craighead*, 176 F. App'x 922, 924 (10th Cir. 2006) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment,

2

and is barred from contesting on appeal the facts thus established." (internal quotation marks omitted)). Even after default, however, "it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment since a party in default does not admit conclusions of law." *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1274 (D. Kan. 2016) (internal quotation marks omitted).

Plaintiff's assertions are straightforward. The Complaint alleges that Defendant is the administrator of the Bermuda Purchasing Trust (the "Trust"), which was established to fund medical benefits, provided by a network of Oklahoma providers, for the employees and dependents of participating employers in Oklahoma. *See* Compl. ¶¶ 6-7. "In November and December 2018, premiums tendered by the participating employers in the Trust were not deposited in the Trust account, leading to insufficient funding of the Trust for the timely processing and payment of certain claims, including for medical services provided by [Plaintiff]" and by other network providers. *Id.* ¶ 8. Plaintiff demanded that Defendant and the Trust's trustee correct the funding error and pay the claims, but neither entity complied with the demand. *Id.* ¶ 9.

Plaintiff ultimately used its own funds to pay the claims for services provided by other network providers, in the amount of $437,305.88. *Id.* ¶¶ 10-11; Lovelace Aff. ¶ 12. Neither Defendant nor the trustee has reimbursed Plaintiff for this payment. Compl. ¶ 12; Lovelace Aff. ¶ 13. Nor has Plaintiff been paid for the $182,116.11 in claims submitted for Plaintiff's own provision of services. Compl ¶¶ 11-12; Lovelace Aff. ¶ 13.

Accepting the well-pleaded allegations in the Complaint as true, the Court finds that they establish Defendant's liability for tortious interference with contract and unjust

enrichment under Oklahoma law. *See Tabb*, 2018 WL 3213622, at *2; *see also Melton v. Okla. ex rel. Univ. of Okla.*, 532 F. Supp. 3d 1080, 1097 (W.D. Okla. 2021) (setting out elements for tortious interference under Oklahoma law); *Wells v. Johnson & Johnson*, 554 F. Supp. 3d 1207, 1215 (W.D. Okla. 2021) (setting out elements for unjust enrichment under Oklahoma law). Because Defendant has failed to respond to or defend this action in any way, the Court finds that entry of a default judgment is appropriate.

### C. Damages

Rule 55(b) provides two distinct methods for entering a default judgment. First, "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," the Clerk of Court "must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1); *see also Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983) (noting that a default judgment may be entered without a hearing when the amount claimed "is a liquidated sum" or "one capable of mathematical calculation"). In all other cases, the moving party must apply to the Court, which may "conduct hearings or make referrals" when necessary "to enter or effectuate judgment." Fed. R. Civ. P. 55(b)(2).

Plaintiff properly relies upon Rule 55(b)(1) as the basis for entry of a default judgment by the Clerk of Court, as its request for the sum certain of $619,421.99 is supported by the Complaint and by Plaintiff's affidavit evidence. *See supra*; Lovelace Aff.

¶¶ 12-14.  Upon review of Plaintiff's submissions, the Court finds that Plaintiff is entitled to damages in the amount of $619,421.99.[1]

## CONCLUSION

Accordingly, Plaintiff's Motion for Default Judgment (Doc. No. 21) is GRANTED as set forth herein.  A separate Default Judgment shall be entered.

IT IS SO ORDERED this 31st day of March, 2023.

*[signature]*
CHARLES B. GOODWIN
United States District Judge

---

[1] Plaintiff fails to provide itemized support for its request for $400.00 in costs, and so that request is denied.  *Cf.* LCvR 54.1 (requiring a verified bill of costs and supporting brief).